UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**BETTE KOZLOWSKI,**

    Plaintiff,

v.                                       Case No: 5:21-cv-261-ACC-PRL

**WAL-MART STORES EAST, LP,**

    Defendant.

## ORDER

This matter is before the Court on Defendant's motion to compel a compulsory medical examination of Plaintiff. (Doc. 28). Specifically, Defendant asks the Court to order Plaintiff to submit to a physical examination by orthopedic surgeon, Dr. Steven Knezevich, M.D., without letting a third-party videotape the examination, and permitting Dr. Knezevich to take x-rays during the examination. While Plaintiff has no objection to attending the examination, she asks the Court to impose "reasonable safeguards," including allowing Plaintiff to have a videographer present, barring "invasive testing," and limiting the scope of the examination. (Doc. 32).

A court may "order a party whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). The order "may be made only on motion for good cause and on notice to all parties and the person to be examined" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). The rule does not state who may attend a compulsory examination or whether a recording device is appropriate. However, Rule 26(c), permits a

court, for good cause, to issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order "designating the persons who may be present while the discovery is conducted." Fed. R. Civ. P. 26(c)(1)(E).

Here, there is no dispute that Plaintiff's physical condition is in controversy, and thus, good cause exists for the proposed physical examination of Plaintiff. *See* Fed. R. Civ. P. 35(a). Plaintiff, however, has not shown good cause for imposition of any of the requested safeguards.

As for her request for a videographer, courts in the Middle District of Florida have routinely placed the burden of demonstrating good cause on the party seeking the presence of a third party and have denied the request absent a showing of special circumstances. *See, e.g., Wailes v. Doherty, et al*, 3:21-cv-180-BJD-PDB, 2021 WL 3679108, *1 (M.D. Fla. August 19, 2021) (denying request where Plaintiff failed to show good cause for allowing the presence of his counsel and videographer at the examination); *Watson v. State Farm Mutual Auto Insur*. Co., No. 3:19-cv-221-J-32MCR, 2019 WL 13189474, *1 (M.D. Fla. August 22, 2019) (denying request to bring videographer because no special circumstance was shown); *Osgood v. Disc. Auto Parts, LLC*, No. 3:13-cv-1364-J-34PDB, 2014 WL 212323, *6-7 (M.D. Fla. Jan. 21, 2014) (the presence of a third party or videographer at a Rule 35 examination is inappropriate unless the requesting party demonstrates good cause demonstrated by pointing to special circumstances; and denying request because plaintiff failed to show special circumstance exists); *Scipione v. Advance Stores Co.,* No. 8:12–cv–687–T–24AEP, 2013 WL 646405 at *1 (M.D.Fla. Feb.21, 2013) (noting that courts in the Middle District "routinely prohibit third parties from attending Rule 35 examinations," and denying request because plaintiff failed to

show good cause); *Tomlinson v. Landers,* No. 3:07cv1180JTEM, 2009 WL 2496531 at *3 (M.D.Fla.Aug.12, 2009) (declining to apply Florida state procedural case law; finding that "Plaintiffs have the burden of establishing good cause for the presence of a third-party observer," such as a videographer and/or a court reporter, during plaintiff's Rule 35 examination; and concluding that "Plaintiffs have neither come forward with evidence that Defendant's medical expert will not conduct a fair examination, nor come forward with any other evidence that would justify issuance of a protective order under Rule 26(c)"); *see also*, *Gordon v. United States,* No. 20-14118-MARRA/MAYNARD, 2021 WL 879204, *2 (S.D. Fla. March 8, 2021) (explaining that "[t]he majority view in federal court is to exclude third parties from Rule 35 examinations absent special circumstances")*.*

Here, Plaintiff has not argued that special circumstances warrant letting a third-party videotape her Rule 35 examination, and no special circumstances are apparent. Rather, Plaintiff states that she wants the examination videotaped "to preserve an accurate record of the compulsory medical examination of Plaintiff and to prevent an unnecessary credibility dispute between Plaintiff and Defendant's professional witness." (Doc. 32 at 4). She claims that the recording "would ensure the defense examiner does not interrogate Plaintiff on liability questions in order to seek damaging admissions" and "would protect Plaintiff from the all-too-common disagreements about what was and was not said during the exam." (Doc. 32 at 3). But these generalized arguments could be made about any Rule 35 examination in any case and provide no special circumstances about *this case* that justify videorecording Plaintiff's examination. Indeed, the Court has no reason to dispute that Dr. Knezevich will conduct an ethical and professional examination and that he and Plaintiff "will testify truthfully, that the able lawyers on both sides will bring out any inconsistencies or memory

failings through vigorous and thorough cross-examination, and that the jury will perform its fundamental job of deciding the facts even when, as with the rest of the evidence, it does not have a video replaying what those may be." *Osgood v. Disc. Auto Parts, LLC*, No. 3:13-cv-1364-J-34PDB, 2014 WL 212323, *7 (M.D. Fla. Jan. 21, 2014). Accordingly, Plaintiff's request to bring a third-party videographer to the examination is denied.

Likewise, Plaintiff has not shown good cause for the Court to impose any of her other requested "safeguards." Because the Court has no reason to believe that Dr. Knezevich will not conduct a fair examination, the Court is disinclined to limit the areas of inquiry or the types of tests which should be administered since Dr. Knezevich is better informed to make such judgments.[1]

Accordingly, Defendant's motion to compel Plaintiff's compulsory medical examination (Doc. 28) is **GRANTED.** Plaintiff is directed to appear at the examination with Dr. Knezevich on September 15, 2022, 11:00 a.m., at 3820 Northdale Boulevard, Suite 105A, Tampa, Florida 33624, unless the parties agree to a different date and time. No third- party videographer may attend the examination.

**DONE** and **ORDERED** in Ocala, Florida on September 12, 2022.

PHILIP R. LAMMENS
United States Magistrate Judge

---

[1] While Plaintiff asks the Court to prohibit "invasive testing," the Notice specifically sets forth the following Manner & Scope of Examination: "Non-invasive orthopedic examination and testing of [Plaintiff] to address any and all injures/illnesses and/or aggravations of pre-existing injuries/illnesses alleged in this case, including but not limited to right hip, lower back and left shoulder." (Doc. 28-2).

- 5 -

Copies furnished to:

Counsel of Record
Unrepresented Parties